UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-P787-H

LUSEAN RAMON BROWN                                                              PETITIONER

V.

THOMAS SIMPSON, WARDEN                                                          RESPONDENT

### MEMORANDUM OPINION AND ORDER

Petitioner, Lusean Ramon Brown, has moved for a writ of habeas corpus on the grounds that trial counsel during his state court proceedings failed to advise him about the availability of parole. In these circumstances, the Court finds no basis for granting the writ.

I.

By Order entered March 15, 2007, the Court granted the respondent's motion to lift abeyance, reinstated the Respondent's motion to dismiss/for summary judgment to the Court's active docket, and provided the Petitioner with 30 days to file a response to the motion to dismiss/for summary judgment. On March 19, 2007, the copy of that Order sent to the Petitioner was returned to the Court by the United States Postal Service marked "Return to Sender, Unknown."

Apparently, the Petitioner is no longer incarcerated in the Green River Correctional Complex, and he has not advised the Court of any change in his address. Pursuant to Local Rule 5.2(d), "All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address

change may result in the dismissal of the litigant's case or other appropriate sanctions." In fact, the Court has not heard anything from this Petitioner since March 2006, over one year ago. These circumstances would be grounds for dismissal without prejudice.

II.

The Court also finds a substantive basis for resolving this case. Brown argues that his trial counsel was ineffective because "counsel gave misinformation concerning parole eligibility dates." This is the dispositive issue in this case. As to this issue, the Kentucky Court of Appeals ruled as follows:

> KRS 197.045 requires an individual convicted of a sex crime to complete the sex offender treatment program before that person may become eligible for parole, or be credited for any good time. This Court has held that the law's requirements are not an improper enhancement of a sex offender's sentence. *Garland v. Commonwealth*, 997 S.W.2d 487 (Ky. App. 1999).

\* \* \*

> To prove that his constitutional rights were affected by ineffective assistance of counsel, a defendant must show that counsel's actions were outside the 'wide range of prevailing professional norms based on an objective standard of reasonableness.' *Foley v. Commonwealth*, 17 S.W.3d 878, 884 (Ky. 2000). The defendant must then demonstrate that 'but for' counsel's errors, the result of the proceeding would have been different. *Bowling v. Commonwealth*, 981 S.W.2d 545, 551 (Ky. 1998). With regard to pleas of guilty, the defendant must show that but for counsel's errors, he would not have pleaded guilty but would have gone to trial. *Taylor v. Commonwealth*, 721 S.W.2d 726 (Ky. 1986).

\* \* \*

> The Commonwealth points out that if Brown had not pled guilty, he would have faced a trial and a potential sentence in excess of fifty years on all charges. The Commonwealth asserts that the record contains a great deal of evidence of Brown's guilt to the charged offenses. Under the plea entered, Brown may have

> been eligible for parole within two years of sentencing, rather than ten years or more.
> 
> The Kentucky Supreme Court has expressly declined to adopt a rule requiring counsel to advise a defendant of the possible range of sentences which may result from his plea of guilty. *See Jewell v. Commonwealth*, 725 S.W.2d 593, 594 (Ky. 1987). The law is clear in holding that a defendant is not entitled to be informed of every possible consequence to his plea. *Centers v. Commonwealth*, 799 S.W.2d 51, 55 (Ky. App. 1990). For this reason, no reversible error has been shown even if counsel failed to discuss the effect of a sex offense on the sentence imposed.

This Court agrees with the Kentucky Court of Appeals. A habeas petitioner must prove that the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The United States Supreme Court has never ruled that the failure to advise a client as to his parole eligibility constituted ineffective assistance of counsel, a necessary element to grant relief under 28 U.S.C. § 2254.

Brown relies upon *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988). Even if this Court were to apply this case to successfully challenge the voluntariness of his guilty pleas based on an ineffective assistance of counsel claim, Brown must show he received "gross misadvice concerning parole eligibility." *Sparks* at 885. Under *Sparks*, the question here is whether Brown has convincingly established that his trial counsel provided "gross misadvice" as to his parole eligibility. By no stretch of the imagination, do the facts support such a conclusion.

The Petitioner has failed to prove that the state court adjudication resulted in a decision that was either (1) "contrary to clearly established federal law as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States." An evidentiary hearing in

this case is not required since the issues are easily resolved by reference to the state court record. 28 U.S.C. § 2243; Habeas Corpus Rule 8; *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); and *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Respondent's motion to dismiss is SUSTAINED and the petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

This is a final order.

cc:   Counsel of Record